FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2010 SEP 29 PM 2:5[?]

CLERK R. Ask
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DARNELL DERMAN COLLINS,

    Petitioner,

v.

CLAY TATUM, Warden,

    Respondent.

CIVIL ACTION NO.: CV610-032

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Darnell Collins ("Collins"), who is currently incarcerated at Calhoun State Prison in Morgan, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed an Answer-Response, and Collins filed a Reply.

## STATEMENT OF THE CASE

Collins was charged with possession of cocaine, driving while license suspended, and driving under the influence. (Doc. No. 10-2, p. 17). On February 28, 2008, Collins entered a guilty plea to all charges and received a split sentence of ten years to serve—seven years for possession of cocaine, and twelve months for each of the remaining charges. (Doc. No. 10-2, p. 10). Collins did not pursue a direct appeal of his conviction and sentences.

Collins filed a state habeas corpus petition on November 9, 2008, challenging his Toombs County convictions. (Doc. No. 10-1, pp. 19-23). That petition alleged four grounds for relief: (1) that Collins' guilty plea was not made voluntarily, (2) that he was

denied effective assistance of counsel, (3) that the final disposition did not mention a negotiated plea, and (4) that he was medically impaired and under the influence of pain medication when he entered his plea. (Id.). Following an evidentiary hearing, the state habeas corpus court denied relief on all four grounds in an order filed June 19, 2009. (Doc. No. 10-3, pp. 16-20).

In his current § 2254 petition, Collins raises four grounds. First, he asserts that his guilty plea "was unlawfully induced or not made voluntarily with understanding of the nature of the charges" or the consequences of the plea, and that it was obtained by use of a coerced confession. Collins also claims in ground one that the prosecution failed to disclose evidence to Collins that was favorable to him. (Doc. No. 1-1, p. 5). In ground two, Collins alleges that he received ineffective assistance of counsel. (Doc. No. 1, p. 7). In ground three, Collins alleged that the final disposition was incorrectly entered because he thought he was entering an Alford[1] plea. (Id.). In ground four, Collins asserts that he was medically impaired when he entered his guilty plea. (Id.). Respondent claims deference should be given to the state habeas court's conclusion that Collins' plea was voluntarily entered into and that he was competent to enter his plea. (Doc. No. 7-1). Respondent asserts Collins' remaining claims are procedurally barred. (Id.).

## DISCUSSION AND CITATION TO AUTHORITY

### I. Voluntariness of Plea, Medical Impairment

Collins asserts his plea was not made voluntarily and that he was medically impaired when his plea was entered because he had been taking pain medications.

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970).

28 U.S.C. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 390 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. This standard "forecloses relief unless" the state court's merits adjudication of the constitutional claim is either contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent, or is an unreasonable determination of the facts. Early v. Packer, 537 U.S. 3, 7 (2002). "Where . . . the state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). A federal court may not simply substitute its judgment for that of the state court. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002).

### A. Plea Voluntariness

In addressing whether Collins' plea was voluntarily entered, the state habeas court applied the governing standard of Boykin v. Alabama, 395 U.S. 238 (1969). The court determined that Collins understood his right to a jury trial, his right to confront his accusers, and his privilege against self-incrimination. (Doc. No. 10-3, p. 17). The state habeas court notes that during the Toombs County proceeding, "Judge Palmer engaged in a colloquy with [Collins] wherein [Collins] responded under oath that he understood he was waiving his three Boykin rights among other rights by entering a guilty plea. Additionally, Judge Palmer certified that the plea was entered freely, understandingly, and voluntarily without undue influence, compulsion or duress and without promise of leniency." (Id.). Collins has not shown that the state court's decision should not be given deference under 28 U.S.C. § 2254(d). This portion of Collins' petition should be **DENIED**.

### B. Medical Impairment

Under Godinez v. Moran, 509 U.S. 389 (1993), the standard of competency required to enter a guilty plea is no higher than the standard required to stand trial. It turns on whether the defendant has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and has both a rational and factual understanding of the proceedings against him. Id. at 396-97.

The state habeas court stated the following when addressing Collins' medical impairment claim:

> Regarding Petitioner's competency to enter the plea, the court finds that both Mr. Cliett and Judge Palmer were aware that Petitioner was taking the prescription medications Soma and Lorcet. Upon being made aware of this information, Judge Palmer questioned both [Collins] and Mr.

> Cliett concerning [Collins'] competency. [Collins] responded under oath that the prescription medications did not interfere with his ability to make a decision and to understand the proceedings. Mr. Cliett indicated on the record that he had spoken with [Collins] prior to the commencement of the plea proceedings and Petitioner appeared to understand the conversation. Additionally, Mr. Cliett indicated to the court that Petitioner did not appear to be impaired from the medication.

(Doc. No. 10-3, p. 18).

Collins has failed to show that the state habeas court's finding that he was competent to enter his plea was unreasonable under the facts of this case. Ground four of Collins' petition should be **DENIED**.

## II. Coerced Confession, Disclosure of Favorable Evidence, Ineffective Assistance of Counsel, and Entering of Final Disposition

A district court is required to dismiss federal habeas claims that a petitioner has a right to raise, by any available procedure, in state court. See 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). While "a verbatim restatement of the claims brought in state court" is not required, "a petitioner [must have] presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal citation and punctuation omitted). A petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. Id. at 1305 ( "It is well established

that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two ways. First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent" state procedural grounds[2], the district court is precluded from later reviewing the merits of the claim on collateral attack. Payne v. Allen, 539 F.3d 1297, 1313 (11th Cir. 2008).

Likewise, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as [providing] no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

---

[2] A state court decision rests upon "adequate and independent" state procedural grounds when it satisfies a three-part test. "First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, i.e., it must not be applied in an arbitrary or unprecedented fashion." Judd, 250 F.3d at 1313 (internal quotations and citations omitted).

Notably, Georgia law requires state habeas petitioners to raise all available grounds for relief in an original or amended habeas petition. O.C.G.A. § 9-14-51. Under § 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition. See id. The Eleventh Circuit has held that Georgia's successive petition statute should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

The Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met: A petitioner may obtain federal review of a procedurally defaulted claim if be can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice. Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman, 501 U.S. at 753. The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

Collins' claims that his confession was coerced, that the prosecution did not disclose favorable evidence to him, that the final disposition was incorrectly entered,

and that he was denied effective assistance of counsel[3] are all procedurally barred. Collins failed to show cause for his failure to bring these claims in his original state habeas corpus petition. Collins also fails to satisfy the "fundamental miscarriage of justice" exception; these claims should be **DISMISSED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Collins' claims that his plea was not voluntary and that he was medically impaired when he entered the plea should be **DENIED**. Collins' claims that his confession was coerced, that the prosecution did not disclose favorable evidence to him, that the final disposition was incorrectly entered, and that he was denied effective assistance of counsel should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 29th day of September, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff did claim he was denied effective assistance of counsel in his state habeas petition, but his enumerations of Counsel's alleged infractions were vastly different from those alleged in the instant petition. (Doc. No.10-1, p. 22). In his state petition, Collins claimed that Counsel "never suppressed evidence on my behalf, also he made me believe if I plead guilty I would receive intense probation." (Id.). In his current petition, Collins asserts "counsel not appointed for defendant; conflict of interest affected affected [sic] performance of counsel; constructive denial of assistance of counsel; guilty plea induced unfairly; 4th, 5th, 6th and 14th amendments right to 'due process' denied." (Doc. No. 1, p. 7).